ELLEN ASPER, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.— Judgment modified on the law by reducing the recovery to the sum of one dollar and fifty cents with interest thereon from August 1, 1936, to wit, the sum of five cents, amounting in all to the sum of one dollar and fifty-five cents, with costs to the defendant to be taxed, and as so modified the judgment is affirmed, without costs of this appeal to either party.  Memorandum: The finding of the jury that the error in the telegram was the direct and efficient cause of plaintiff's trip to Wisconsin is speculative and the damages awarded based thereon are remote, uncertain and speculative, and the verdict in these respects is contrary to the evidence and contrary to law.  All concur.  (The judgment is for plaintiff in an action for negligence in the transmission of a telegraph message.)  Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

AARON J. KREHBIEL, Respondent, v. CARROLL BROTHERS, INCORPORATED, Appellant.— Judgment affirmed, with costs.  Memorandum: On the present record, it is sufficiently clear that there was a change in the management and operation of the sand and gravel business from Carroll Brothers to Donner-Getz, Inc.  But, while defendant's witness Riley states that he informed plaintiff that he (Riley) was working for the new management, he does not say that he informed plaintiff of any change in plaintiff's employment.  In view of the fact that plaintiff was originally employed by defendant, delivered gravel on a contract taken by defendant, and the fact that he made deliveries on orders issued out of the defendant's office, which orders were printed on defendant's stationery, and in view of the further fact that defendant collected the pay for the sand and gravel which plaintiff delivered, we think the Special Term did not err in reversing the judgment and ordering a new trial on the weight of evidence.  Defendant's witness Flierl does not deny that he said to plaintiff: " That [the change of management] doesn't make any difference to you."  Flierl only says he does not recall making such a statement.  All concur.  (The judgment reverses a judgment of the Buffalo City Court in favor of defendant, and grants a new trial, in an action to recover for services performed.)  Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.